The document below is hereby signed.

Signed: March 16, 2018



_S. Martin Teel, Jr._
_/s/ S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MARK A. WITASCHEK, | ) | Case No. 13-00019 |
| | ) | (Chapter 11) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER RE EMERGENCY MOTION TO REOPEN

The debtor's motion to reopen, characterized by the debtor as an emergency motion, seeks to reopen the case to permit the debtor to pursue a request for relief regarding an alleged violation of the automatic stay of 11 U.S.C. § 362(a) arising from the District of Columbia's allegedly acting to collect prepetition taxes. However no automatic stay has been in place after the court closed this case. First, pursuant to 11 U.S.C. § 1141(b), the property of the estate revested in the debtor upon confirmation of the debtor's plan, and is no longer property of the estate. That terminated the automatic stay as to acts against property of the estate. See 11 U.S.C. § 362(c)(1). Second, the closing of the case terminated the automatic stay as to any other acts. See 11 U.S.C. § 362(c)(2)(A). No discharge

has been entered in the case.  Accordingly, any acts that the District of Columbia has undertaken or is undertaking after the closing of the case could not constitute a violation of the automatic stay, and no discharge injunction exists in the case that could be violated by such acts.[1]  Accordingly, there is no emergency to be addressed based on any ongoing acts.

It is possible that prior to the closing of the case, an act could have been taken against the debtor that violated the automatic stay, giving rise to a right to pursue a recovery of sanctions by way of 11 U.S.C. § 362(k) or by way of a motion for civil contempt compensatory sanctions.  However, the motion to reopen is entirely too vague in that regard to warrant reopening the case.  If, prior to the closing of the case, the District of Columbia undertook to collect a prepetition tax in violation of the automatic stay, the debtor has woefully failed to specify what acts constituted an attempt to collect such prepetition tax.

---

[1]  Even if a discharge injunction had arisen in the case, income taxes are, pursuant to 11 U.S.C. § 523(a)(1), not discharged if they are, under 11 U.S.C. § 507(a)(8)(A)(i), an income tax "for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition."  Here, the earliest possible due date for filing an income tax return for any of the four years identified by the debtor (2009, 2010, 2011, and 2012) was April 15, 2010 (or later) in the case of the return for the year 2009.  That earliest possible due date of April 15, 2010, was less than three years before the filing of the petition on January 14, 2013.  Accordingly, income taxes for the years 2009, 2010, 2011, and 2012 would not be discharged by any discharge received in the case.

The motion to reopen alleges:

> 18. On or about March 27, 2014, Creditor began communications to Debtor in an attempt to collect taxes it appears to have assessed Post Petition as tax debt assessed to be due and owing for the Pre-Petition calendar years of 2009, 2010, 2011 and 2012.

However, alleging that the District "appears to have assessed" taxes for prepetition years is insufficient to allege that the taxes were actually assessed. Moreover, assessing a tax is excepted from the automatic stay by 11 U.S.C. § 362(b)(9)(D). Finally, assessing a tax does not amount to an act to collect the assessed tax, otherwise § 362(b)(9)(D) would be rendered a nullity. The allegation that the District of Columbia "began communications to Debtor in an attempt to collect taxes it appears to have assessed" is entirely too conclusory and vague to warrant reopening the case. The motion to reopen fails to identify the contents of the communications, and if they were only communications indicating that the District of Columbia was investigating taxes for prepetition years or advising the debtor that it was assessing prepetition taxes, that would not amount to an act to collect the prepetition taxes. Although determining that a tax exists and assessing a tax are necessary steps before the District of Columbia attempts to collect the tax, that does not make taking either of those steps an act to collect the tax.

The District of Columbia opposes the motion to reopen, alleging that it has not made a postpetition assessment of a

prepetition tax, but concedes that it is conducting a criminal tax investigation regarding what it alleges is the debtor's failure to report income earned for certain prepetition years. Such a criminal investigation is necessarily excepted from the automatic stay by 11 U.S.C. § 362(b)(1) which excepts from the automatic stay "the commencement or continuation of a criminal action or proceeding against the debtor." Pursuing a criminal investigation of that nature might be perceived by the debtor to be a pursuit of the taxes that were allegedly evaded for those years, but it does not mean that any such taxes have been actually assessed, and, in any event, assessing taxes does not violate the automatic stay and does not amount to an act to collect the assessed taxes.

The debtor has paid a substantial fee for filing the motion to reopen the case, and I will give the debtor an opportunity to amend the motion to reopen in order to show that reopening is warranted. If the case is to be reopened, the debtor must make non-conclusory allegations of facts showing that after the filing of the case and before the case was closed (1) a prepetition tax was actually assessed (not merely appears to have been assessed) and (2) an act was taken to collect the assessed tax.

Any such motion to reopen ought to only seek to reopen the case so that a motion to recover sanctions against the District of Columbia may be pursued, and ought not include within it a

4

request to recover sanctions. Any motion to recover sanctions should be pursued only if the case is reopened, with filing and service of such a motion for sanctions to be made only after the case is reopened, and with the motion for sanctions to include notice under LBR 9013-1 of the opportunity to oppose the motion for sanctions. The debtor can include a copy of a **proposed** motion to recover sanctions as an attachment to the motion to reopen, but it is premature to pursue such a motion for sanctions until the case is reopened.

In light of the foregoing, it is

ORDERED that an order will be entered denying the debtor's Emergency Motion to Reopen (without adjudicating whether a violation of the automatic stay has occurred) unless within 28 days after entry of this order the debtor files an amended motion to reopen that shows in non-conclusory fashion that a violation of the automatic stay has occurred that warrants reopening the case to permit pursuit of a motion to recover sanctions for violation of the automatic stay.

[Signed and dated above.]

Copies to: All recipients of e-notification of orders.

R:\Common\TeelBW\Judge Temp Docs\Witaschek (Mark A)  Deny Motion to Reopen_v5.wpd