The document below is hereby signed.

Signed: May 16, 2018

_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MARK A. WITASCHEK, | ) | Case No. 13-00019 |
| | ) | (Chapter 11) |
| Debtor. | ) | |
| | ) | |

MEMORANDUM DECISION AND ORDER
DENYING AMENDED MOTION TO REOPEN CASE

The *Amended Motion to Reopen Case*, filed by the debtor, Mark A. Witaschek, seeks to reopen the case to permit Witaschek to pursue a request for relief regarding an alleged violation of the automatic stay of 11 U.S.C. § 362(a) arising from the District of Columbia's allegedly acting to collect prepetition taxes. I will deny the *Amended Motion to Reopen Case* for the following reasons.

I

This case was closed by a *Final Decree* entered on August 11, 2014 (Dkt. No. 113) which "ORDERED that the Final Report of the Debtor is Approved, the Motion for Final Decree is granted, **and the case is closed**." (Emphasis added.) Although the clerk later entered a note on the docket sheet on March 20, 2015, stating "Bankruptcy Case Closed" that does not alter the fact that the

case was closed on August 11, 2014.

As I explained in the *Memorandum Decision and Order re Emergency Motion to Reopen* (Dkt. No. 119) at 1-2, no automatic stay has been in place since the court closed this case. First, pursuant to 11 U.S.C. § 1141(b), the property of the estate revested in Witaschek upon confirmation of Witaschek's plan, and is no longer property of the estate. That terminated the automatic stay as to acts against property of the estate. See 11 U.S.C. § 362(c)(1). Second, the closing of the case terminated the automatic stay as to any other acts. See 11 U.S.C. § 362(c)(2)(A). No discharge has been entered in the case. Accordingly, no acts that the District of Columbia has undertaken since the closing of the case or is currently undertaking could constitute a violation of the automatic stay, and no discharge injunction exists in the case that could be violated by such acts.[1]

---

[1] Even if a discharge injunction had arisen in the case, income taxes are, pursuant to 11 U.S.C. § 523(a)(1), not discharged if they are, under 11 U.S.C. § 507(a)(8)(A)(i), an income tax "for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition." Here, the earliest possible due date for filing an income tax return for any of the four years identified by Witaschek as being involved (2009, 2010, 2011, and 2012) was April 15, 2010 (or later) (the deadline applicable to the return for the year 2009). That earliest possible due date of April 15, 2010, was less than three years before the filing of the petition on January 14, 2013. Accordingly, income taxes for the years 2009, 2010, 2011, and 2012 would not be discharged by any discharge received in the case.

II

Under 11 U.S.C. § 362(a)(6), the automatic stay bars "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." Witaschek's *Emergency Motion to Reopen* alleged in conclusory terms that the District had violated this provision by acting to collect a claim for prepetition taxes. As I noted in the *Memorandum Decision and Order re Emergency Motion to Reopen* at 2, it is possible that prior to the closing of the case, an act could have been taken against Witaschek that violated the automatic stay, giving rise to a right to pursue a recovery of sanctions by way of 11 U.S.C. § 362(k) or by way of a motion for civil contempt compensatory sanctions. I gave Witaschek the opportunity to file an amended motion to reopen in order to allege facts showing that the District had attempted prior to the closing of the case to collect a prepetition tax. The *Amended Motion to Reopen Case* at 13, seeks to reopen the case to obtain a determination that the District "violated the automatic stay of 11 U.S.C. § 362(a) [by] acting to collect prepetition taxes," but fails to allege any act of the District of Columbia establishing that, prior to the closing of the case, the District of Columbia undertook to collect a prepetition tax in violation of 11 U.S.C. § 362(a)(6).

The *Amended Motion to Reopen Case* identifies only one tax-

related event occurring prior to the closing of the case on August 11, 2014. It alleges, at ¶ 16, that "[on] March 27, 2014, Creditor, the District of Columbia Office of Tax and Revenue (Creditor DC OTR) began a tax investigation of Mr. Witaschek with Special Agent James Hessler of the DC OTR appearing at McLean Asset Management, Mr. Witaschek's business office in McLean, VA, and issuing a summons for all records relating to Mr. Witaschek's employment." Conducting an audit to determine a tax liability and assessing a tax are acts excepted from the automatic stay by 11 U.S.C. § 362(b)(9), which provides that the automatic stay of 11 U.S.C. § 362(a) does not apply to:

> (A) an audit by a governmental unit to determine tax liability;
> (B) the issuance to the debtor by a governmental unit of a notice of tax deficiency;
> (C) a demand for tax returns; or
> (D) the making of an assessment for any tax and issuance of a notice and demand for payment of such an assessment (but any tax lien that would otherwise attach to property of the estate by reason of such an assessment shall not take effect unless such tax is a debt of the debtor that will not be discharged in the case and such property or its proceeds are transferred out of the estate to, or otherwise revested in, the debtor).

Necessarily, issuing a summons incident to conducting an audit to determine whether a tax liability exists, a step in assessing a tax, does not amount to an act, in violation of 11 U.S.C. § 362(a)(6), to collect the eventual tax assessed, otherwise 11 U.S.C. § 362(b)(9) would be rendered a nullity. Although determining that a tax liability exists and assessing the tax are

necessary steps before the District of Columbia attempts to collect the tax, that does not make taking either of those steps an act to collect the tax.

### III

The *Amended Motion to Reopen Case* does not contend that the summons initiated a proceeding of a character that violated 11 U.S.C. § 362(a)(1), which, in relevant part, bars "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title . . . ."  Even if the summons initiated a proceeding against Witaschek, it was excepted from 11 U.S.C. § 362(a)(1) because it is a part of " an audit by a governmental unit to determine tax liability" under 11 U.S.C. § 362(b)(9)(A).

An audit to determine the tax liability of a debtor necessarily may entail the issuance of a summons to the debtor, as is recognized, in the case of Federal taxation, by 26 U.S.C. § 7602(a), which provides in relevant part:

> **(a) Authority to summon, etc.**
> For the purpose of . . . determining the liability of any person for any internal revenue tax . . ., the Secretary is authorized—
> (1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;
> (2) To summon the person liable for tax . . . to appear before the Secretary at a time and place named in the summons and to produce such books,

>     papers, records, or other data, and to give such
>     testimony, under oath, as may be relevant or
>     material to such inquiry; and
>         (3) To take such testimony of the person
>     concerned, under oath, as may be relevant or
>     material to such inquiry.

It stands to reason that the term "an audit by a governmental unit to determine tax liability" in 11 U.S.C. § 362(b)(9)(A) ought to be accorded a robust meaning as encompassing all of the audit tools at the disposal of a tax agency to determine a tax liability. Otherwise, the tax agency would be hampered in making a correct assessment of the tax, the equivalent of a pugilist engaging in a boxing match with one arm tied behind his back.

Congress did not intend tax agencies to be deprived of any tool that ordinarily could be employed as part of an audit to make a determination of a tax liability. During the pendency of the automatic stay, the intent of 11 U.S.C. § 362(b)(9) is that a tax agency is free to conduct an audit as it ordinarily would. This is apparent, in the case of the Internal Revenue Service, because the statute of limitations on assessing a Federal tax owed by a debtor is not suspended by 26 U.S.C. § 6503(h) by reason of the pendency of the automatic stay in a debtor's bankruptcy case. Section 6503(h) provides:

>     **(h) Cases under title 11 of the United States Code.**
>     The running of the period of limitations provided in section 6501 or 6502 on the making of assessments or collection shall, in a case under title 11 of the United States Code, be suspended for the period during which the Secretary is prohibited by reason of such case from

6

>     making the assessment or from collecting and—
>             (1) for assessment, 60 days thereafter,
>         and
>             (2) for collection, 6 months thereafter.

In 1994, 11 U.S.C. § 362(b)(9) was amended to include assessment of taxes as an exception to the automatic stay, and, accordingly, the pendency of a bankruptcy case alone no longer triggers the suspension of the statute of limitations for making an assessment.  As explained in Internal Revenue Service Field Service Advisory (September 5, 1997), 1997 WL 33313774:

> The effect of this change was to remove bankruptcy as a reason for the Service not being able to make an assessment.  I.R.C. § 6503(h) suspends the statute of limitations for making an assessment for the period during which the Service is prohibited from making an assessment because of the filing of a bankruptcy petition.  Since, as a result of the enactment of Bankruptcy Code § 362(b)(9), the Service is no longer prohibited from making an assessment in bankruptcy, the suspension of the statute of limitations on assessments which previously occurred as a result of bankruptcy through I.R.C. § [6503(h)] no longer occurs.

*See also* Rev. Rul. 2003-80, 2003-2 Cum. Bull. 83 (2003).[2]
Sometimes the period permitted, under the statute of limitations, within which to assess a tax owed by a debtor could expire during the pendency of the automatic stay of 11 U.S.C. § 362(a). In that circumstance, Congress would not have wanted the IRS to be handicapped in performing an audit by being barred by 11 U.S.C. § 362(a) from issuing a summons to the debtor to determine the debtor's tax liability. This demonstrates that issuing a summons to a debtor to determine a tax liability is part of "an audit by a governmental unit to determine tax liability" within the meaning of 11 U.S.C. § 362(b)(9), and thus is excepted from the automatic stay of the commencement of certain proceedings under 11 U.S.C. § 362(a)(1).

---

[2] Revenue Ruling 2003-80 notes, however, that when a notice of deficiency is:

- issued on or after the day on which the bankruptcy case commenced and before the termination of the automatic stay; or

- is issued less than 90 days before the bankruptcy case commences,

the bankruptcy case has an effect on the running of the period of limitations on assessment because of the application of 11 U.S.C. § 362(a)(8) and 26 U.S.C. § 6213(a) and (f).

IV

The District of Columbia further contends that the summons is excepted under 11 U.S.C. § 362(b)(1) because it was a "commencement or continuation of a criminal action or proceeding against the debtor." Witaschek concedes that there was a criminal investigation. The summons was also a necessary part of that criminal investigation. Accordingly, the summons is also exempted from the automatic stay under 11 U.S.C. § 362(b)(1).

V

For all these reasons, it is

ORDERED that Witaschek's *Amended Motion to Reopen Case* (Dkt. No 120) is DENIED.

[Signed and dated above.]

Copies to: All recipients of e-notification of orders.